**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|                       |     |                          |
| --------------------- | --- | ------------------------ |
| JAMAL G. WALKER,      | *   |                          |
|                       | *   |                          |
|    Plaintiff, | *   |                          |
|                       | *   |                          |
| v.                    | *   | Case No.: PWG-16-3926    |
|                       | *   |                          |
| TRANS UNION, LLC[1]   | *   |                          |
|                       | *   |                          |
|    Defendant. | *   |                          |
|                       | *   |                          |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION AND ORDER

Pending is Plaintiff Jamal G. Walker's Notice of Voluntary Dismissal, ECF No. 34, in which he seeks to dismiss his claims against Defendant Trans Union, LLC ("Trans Union") without prejudice. Also pending is the Motion to Dismiss that Trans Union filed, ECF No. 31, seeking dismissal of Mr. Walker's claims against it with prejudice for failure to state a claim.[2] Because Trans Union already filed an answer to Mr. Walker's Complaint and Amended Complaint, ECF Nos. 11 and 13, and does not stipulate to the dismissal without prejudice, this case "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Accordingly, I construe Mr. Walker's Notice of Voluntary Dismissal as a motion to dismiss. *See id.*; Fed. R. Civ. P. 1.

---

[1] The Clerk shall update the docket to reflect Defendant's proper name, Trans Union, LLC.

[2] Trans Union filed a memorandum in support of its motion, ECF No. 31-1, as well as a reply, ECF No. 33, and a response to Mr. Walker's motion, ECF No. 35. Mr. Walker did not file a reply to that response or an opposition to Trans Union's motion, and the time for doing so has passed. *See* Loc. R. 105.2(a); ECF No. 29. A hearing is not necessary. *See* Loc. R. 105.6.

Dismissal clearly is appropriate, as both parties have requested it. The question is whether dismissal should be with prejudice. If this case is dismissed without prejudice without having resolved Trans Union's pending Motion (which, if granted, could result in dismissal with prejudice), then the effect could be unfairly prejudicial to Trans Union. Therefore, Mr. Walker's Motion to Dismiss is denied so that I may reach the merits of Trans Union's Motion to Dismiss pursuant to Rule 12(b)(6). And, because Mr. Walker fails to state a claim, despite notice from Trans Union of alleged deficiencies and repeated amendments to his pleadings, it would be futile for him to bring these claims again in a separate lawsuit. Therefore, Trans Union's Motion to Dismiss is granted, and this case is dismissed with prejudice.

**Procedural Background**

Mr. Walker originally filed suit in the District Court for Prince George's County, Maryland, claiming defamation and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* ECF No. 2. He also filed an Amended Complaint in state court, ECF No. 12-1, before Trans Union removed the suit to this Court, ECF No. 1. Trans Union filed a Motion for Judgment on the Pleadings, ECF No. 21, to which Walker never responded. Because Walker's earlier pleadings met state, but not federal, pleading requirements, I denied the motion and directed Walker to file a Second Amended Complaint that complied with the pleading requirements of Fed. R. Civ. P. 8. May 8, 2017 Ltr. Order, 1, ECF No. 25.

Mr. Walker filed a letter on May 15, 2017, ECF No. 26, which I construe as a Second Amended Complaint. In it, he retained only his claims under the FCRA. Trans Union filed a pre-motion conference request, seeking leave to file a motion to dismiss. ECF No. 27. I provided Mr. Walker with yet another opportunity to amend, this time in response to the

deficiencies identified in Trans Union's pre-motion letter, and I set a briefing schedule for Trans Union's proposed motion. ECF No. 29. Mr. Walker filed another letter on July 7, 2017, describing his FCRA claims. ECF No. 30. Thereafter, Trans Union filed the pending Motion to Dismiss, treating the July 7, 2017 letter as a Third Amended Complaint. The Clerk sent a copy of Trans Union's Motion to Mr. Walker. ECF No. 32. Mr. Walker did not challenge the treatment of his July 7, 2017 letter as the operative complaint, or otherwise oppose Trans Union's Motion. Instead, he filed his Notice of Voluntary Dismissal.

## Voluntary Dismissal

### *Standard of Review*

Rule 41(a)(2)'s purpose "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir.1987); *see also Lang v. Manufacturers & Traders Tr. Co.*, 274 F.R.D. 175, 182 (D. Md. 2011) (quoting *Davis*). To that end, the rule "permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from the dismissal without prejudice. The district court must focus primarily on protecting the interests of the defendant." *Davis*, 819 F.2d at 1273 (citations omitted). Thus, the general rule is that "[a] plaintiff's motion to voluntarily dismiss a claim [without prejudice] should not be denied absent plain legal prejudice to the defendant," *Ellett Bros., Inc. v. U.S. Fid. & Guar. Co.,* 275 F.3d 384, 388 (4th Cir.2001), or "substantial prejudice to the defendant," *Andes v. Versant Corp.,* 788 F.2d 1033, 1036 (4th Cir.1986). A Rule 41(a)(2) dismissal without prejudice "is generally granted where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *O'Reilly v. R.W. Harmon & Sons, Inc.,* 124 F.R.D. 639, 639 (W.D. Mo. 1989).

The Court applies a "non-exclusive, multi-factor test" to "assess[] . . . the propriety of allowing a Rule 41(a)(2) dismissal [without prejudice]." *Wilson v. Eli Lilly & Co.,* 222 F.R.D. 99, 100 (D. Md. 2004); *see also Lang*, 274 F.R.D. at 182. The factors include: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation." *Wilson*, 222 F.R.D. at 100.

*Discussion*

Although discovery has not begun and the parties have not started to prepare for trial, Trans Union undoubtedly has incurred expenses briefing its motions and responding to Mr. Walker's motion. Mr. Walker did not respond to the Motion for Judgment on the Pleadings, nor did he respond to the Motion to Dismiss, other than independently seeking dismissal of his claims. This shows either a lack of diligence or a tacit awareness of the lack of merits of his claims. And, in requesting that the Court dismiss his case, he did not provide a sufficient explanation of why the case should be dismissed, simply stating that he would like to "have the opportunity to further prepare for the next time [he] file[s] against Transunion [sic] if necessary." Pl.'s Mot. 1.

Moreover, Trans Union's Motion to Dismiss currently is pending and Mr. Walker's Notice of Voluntary Dismissal, filed in lieu of an opposition to Trans Union's Motion, appears to be an effort to avoid resolution of that Motion. Further, to date, Mr. Walker has had two opportunities to amend his pleadings in this Court, first in response to the alleged deficiencies in his state court pleadings, identified in Trans Union's Motion for Judgment on the Pleadings, and then in response to the deficiencies in his Second Amended Complaint, identified in Trans Union's pre-motion conference request. And, as noted, he now asks that I dismiss "this case

without prejudice so that [he] may have the opportunity to further prepare for the next time [he] file[s] against Transunion [sic] if necessary." Pl.'s Mot. 1. Filing a second lawsuit against Trans Union on these same facts would be tantamount to amending his pleadings for a third time in this Court (and a fifth time overall). Serial failures to amend a complaint to address specifically identified pleading deficiencies, coupled with a failure to respond to the merits of a motion to dismiss should not be rewarded with a dismissal without prejudice, enabling yet another lawsuit at some future time. To do so would impose unfair prejudice on Trans Union.

And, although Fed. R. Civ. P. 15(a) does not "place[] [a] specific limit on the number of times a court may grant a party leave to amend," it also does not "require a court to keep giving a party repeated chances to amend." Steven S. Gensler, Fed. R. Civ. P. Rules & Commentary 288–89 (2011). When "a party is granted leave to amend but fails to address the problem, that party should not be surprised when the court does not give it a third or fourth chance." *Id.* Additionally, when "an amended complaint is challenged as insufficient," as Trans Union did in its Rule 12(b)(6) motion, "the plaintiff should not assume that the court will allow the plaintiff to test the sufficiency of the amended complaint and then get another chance to replead if the amended complaint is found deficient." *Id.* Plaintiff has received detailed explanations from Trans Union regarding the deficiencies of his pleadings twice. If he has not yet stated a claim, he should not expect yet another opportunity to amend in response to these challenges, which a dismissal without prejudice would afford him. *See id.*; *see also Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006) (concluding that "the district court did not abuse its discretion in ruling that the plaintiffs' many opportunities to present their claim warranted denial of the motion to amend," where "Plaintiffs had an unprecedented thirteen months of unilateral pre-complaint discovery under Bankruptcy Rule 2004 and had already set forth four iterations of

their complaint"); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at \*4 (D. Md. Dec. 4, 2012) (denying request for leave to amend where "[p]laintiff's amended complaint [did] not cure" deficiencies in claims).

Thus, Trans Union could suffer legal prejudice if this case is dismissed without prejudice without resolving its pending Motion, which (if meritorious) could result in dismissal with prejudice. Under these circumstances, it is appropriate to deny Mr. Walker's Motion to Dismiss and reach the merits of Trans Union's Motion to Dismiss pursuant to Rule 12(b)(6). *See Ellett Bros.*, 275 F.3d at 388; *see also Andes,* 788 F.2d at 1036; *Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989 (E.D. Va. 1998) (denying plaintiff's motion to dismiss to avoid clear legal prejudice to defendant, who had "obtained the benefit of an adverse ruling stemming from the plaintiff's lack of diligence, as well as the potential foreclosure of other rights"); *Klintworth v. Atl. Coast Line R.R.,* 39 F.R.D. 330 (D.S.C. 1966) (denying plaintiff's motion because defendant had filed a motion for summary judgment and was entitled to judgment as a matter of law).

Of course, if Mr. Walker has stated a claim, then Trans Union's motion should be denied, and dismissal of the Complaint as requested by Mr. Walker should be without prejudice, *see Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013). But, if Trans Union' Motion is meritorious, dismissal should be with prejudice. *See id.* (noting that, while the district court has the discretion to dismiss with or without prejudice under Rule 12(b)(6), "dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim," but, otherwise, the plaintiff should be afforded the opportunity to amend (quoting *180S, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009))); *see also McLean v. United States*, 566 F.3d 391, 400–01 (4th Cir. 2009) ("While a potentially meritorious claim,

particularly by a pro se litigant, should not be unqualifiedly dismissed for failure to state a claim

unless its deficiencies are truly incurable, such an  unqualified dismissal is entirely proper when

the court has reviewed the claim and found it to be substantively meritless. Once a court has

determined that the complaint is truly unamendable, a dismissal without prejudice is of little

benefit to the litigant, as the claim cannot be made viable through reformulation." (citation

omitted)); Gensler, Fed. R. Civ. P. Rules & Commentary 288–89.

## Motion to Dismiss for Failure to State a Claim

### *Standard of Review*

Mr. Walker's pleadings are subject to dismissal pursuant to Rule 12(b)(6) if they "fail[ ]

to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). A pleading must

contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"

Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S.

662, 678-79 (2009). "A claim has facial plausibility when the [claimant] pleads factual content

that allows the court to draw the reasonable inference that the [opposing party] is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678.

> "A motion to dismiss tests the sufficiency of a complaint," *Occupy Columbia v. Haley,* 738 F.3d 107, 116 (4th Cir. 2013), and [the court's] evaluation is thus generally limited to a review of the allegations of the complaint itself. However, [the court] also consider[s] documents that are explicitly incorporated into the complaint by reference, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007), and those attached to the complaint as exhibits, *see* Fed. R. Civ. P. 10(c).

*Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).  If "the bare allegations

of the complaint and any exhibit attached [to the complaint]" conflict, "the exhibit prevails." *S.*

*Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175,

182 (4th Cir. 2013) (quoting *Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1465 (4th Cir. 1991)).

The Third Amended Complaint must be construed liberally, as Mr. Walker is proceeding *pro se. See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve him from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D.Md. 1981)(citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)). "It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. District courts are not required to be mind readers, or to conjure questions not squarely presented to them." *Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at * 1 (4th Cir. 1992) (per curiam) (internal citations omitted).

*Sufficiency of Pleadings*

Mr. Walker claims that Trans Union violated four provisions of the FCRA: 15 U.S.C. § 1681i(a)(1)(A), (6)(A), (6)(B)(i)–(iii), and (7). Third Am. Compl. 1. Section 1681i(a)(1)(A) provides that, if a consumer notifies a consumer reporting agency, such as Trans Union, that he disputes the completeness or accuracy of any information contained in his file with the agency, the agency shall, within thirty days of receipt of notice of the dispute, "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5)."[3] Section 1681i(a)(6)(A) provides that "[a] consumer reporting agency shall

---

[3] Paragraph 5 provides:

> If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall--

provide written notice to a consumer of the results of a reinvestigation" within five business days

of completing the reinvestigation. And, Section 1681i(a)(6)(B) requires the agency to provide to

the consumer, in the same timeframe,

> (i) a statement that the reinvestigation is completed;
>
> (ii) a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation; [and]
>
> (iii) a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available . . . .

15 U.S.C. § 1681i(a)(6)(B)(i)–(iii). Section 1681i(a)(7) requires that the description of the

procedure be provided to the consumer "by not later than 15 days after receiving a request from

the consumer for that description."

To state a claim under any of these provisions of Section 1681i(a), Mr. Walker must

allege that his file contained inaccurate information. *See Alston v. Equifax Info. Servs., LLC*, No.

TDC-13-1230, 2016 WL 5231708, at \*7 (D. Md. Sept. 21, 2016) (noting that this "requirement

is consistent with the purposes of the FCRA, which is focused on preventing inaccurate credit

reports from harming individual subjects of those reports"); *see also Brooks v. Midland Credit*

*Mgmt.*, WDQ-12-1926, 2013 WL 1010455 at \*7 (D. Md. Mar. 13, 2013) ("Inaccurate

information is an element of a claim under §§ 1681e(a) and 1681i(a)"); *Brown v. Experian*, JKB-

12-2048, 2012 WL 6615005 at \* 3 (D. Md. Dec. 17, 2012) ("In order to state a claim for failure

---

> (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and
>
> (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

15 U.S.C. § 1681i(a)(5)(A).

to comply with § 1681e(b), Plaintiff must allege that a consumer report contained inaccurate information. The same is true of § 1681i(a)." (internal citation omitted)).  Yet Mr. Walker does not allege that his file was inaccurate.  Rather, he alleges that he *previously disputed* the accuracy of three items contained in his file at Trans Union – a Chapter 13 bankruptcy proceeding and "accounts for Seterus and Select Portfolio" – and that, in response, Trans Union failed to follow the statutorily-required procedures and then refused to remove these items.  Third Am. Compl. 1. Specifically, while conceding that Trans Union responded to the letters he sent disputing the accuracy of his file, he claims that Trans Union failed to provide "the verification/Validation procedures that [it] used to verify these accounts" and a "description of [the] reinvestigation procedure." *Id.*

Certainly, when he corresponded with the agency, Mr. Walker challenged the accuracy of his files.  He referred to the Chapter 13 item as a "reporting error" and complained to Trans Union that he had "no knowledge of a Chapter 13 Bankruptcy Dismissed," and that "the listed item is inaccurate and incomplete, and is a very serious error in reporting."  Second Am. Compl. Exhs. 2, 4, ECF No. 26-1.  But, he attached to his Second Amended Complaint a letter from the United States Bankruptcy Court for the District of Maryland, stating that *In Re: Jamal G. Walker*, Bankruptcy Case No. 14-23502 (Bankr. D. Md.), a chapter 13 bankruptcy case, was filed on August 28, 2014 and then dismissed on March 28, 2015 and closed on June 16, 2015. Exhs. 15.  Based on this exhibit, which prevails over his pleadings to the contrary, the chapter 13 item was not inaccurate.  *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 182 (4th Cir. 2013). Therefore, he cannot state an FCRA claim based on this alleged inaccuracy.

He also informed Trans Union that he "dispute[d] the accuracy of th[e] [Seterus and Select Portfolio] listing[s]." *See id.* at 9, 11. But, he did not allege how these items were inaccurate. This conclusory assertion, appearing only in correspondence to Trans Union and not reiterated in the pleadings, does not suffice as a plausible allegation of inaccuracy. Moreover, Mr. Walker now states explicitly that "this case is about *the procedures* that Transunion is not following and the[ir] refusal to remove the[] [disputed] accounts." Third Am. Compl. 2 (emphasis added). Thus, as best I can discern, he challenges not the actual accuracy of these items but rather Trans Union's basis for including them. His dispute letter asserted that he did "not consent to e-oscar or any means of automated verification" and asked Trans Union to "provide [him] with copies of any documentation associated with th[ese] account[s], bearing [his] signature" and to delete the file if it did not have any "documentation bearing [his] signature." Exhs. 9, 11. The alleged lack of signature is not an inaccuracy nor otherwise a violation of the FCRA sections Mr. Walker identifies, and I will not resort to guesswork to discern his claim. *See Harris*, 1992 WL 21375, at * 1. Consequently, Mr. Walker fails to state a claim for violation of Section 1681i(a). Accordingly, dismissal of Mr. Walker's FCRA claims with prejudice is proper, as Mr. Walker repeatedly attempted to amend to state a claim and has shown that he cannot cure the deficiencies in his Third Amended Complaint. *See McLean*, 566 F.3d at 400–01; *Weigel*, 950 F. Supp. 2d at 825–26; Gensler, Fed. R. Civ. P. Rules & Commentary 288–89. Therefore, Mr. Walker's Motion to Dismiss without prejudice is denied, Trans Union's Motion to Dismiss is granted, and this case is dismissed with prejudice.

## ORDER

It is, this 24th day of October, 2017, hereby ORDERED that

1. Mr. Walker's Notice of Voluntary Dismissal, ECF No. 34, construed as a motion to dismiss without prejudice, IS DENIED;

2. Trans Union's Motion to Dismiss, ECF No. 31, IS GRANTED;

3. This case IS DISMISSED WITH PREJUDICE; and

4. The Clerk SHALL MAIL a copy of this Memorandum Opinion and Order to Mr. Walker and CLOSE this case.

       /S/         

Paul W. Grimm
United States District Judge

cc: jwalk554@MSN.com

lyb